# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VERONICA DOVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-1331-EFM-KGG |
| | ) |
| ST. FRANCIS COMMUNITY SERV., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## MOTION TO APPOINT COUNSEL, AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with her federal court Complaint (Doc. 1), Plaintiff Veronica Dover has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). Plaintiff also filed a Motion to Appoint Counsel. (Doc. 4.) After review of Plaintiff's motions, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3), **DENIES** her request for counsel (Doc. 4), and **recommends** Plaintiff's claims be **dismissed** for failure to state a viable federal cause of action.

1

## A. Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates she is 46 and single. (Doc. 3-1, sealed, at 1.) She lists her 16-year-old daughter as a dependent. (*Id.*, at

2.) Plaintiff is currently unemployed and receiving a modest amount of Social Security Disability payments each month as her only source of income. (*Id.*, at 2, 4.) Plaintiff does not own real property. (*Id.*, at 3.) She does own a modest automobile, with a small amount of residual value. (*Id.*, at 4.) She lists no cash on hand. (*Id.*) Plaintiff lists typical monthly expenses, including rent, groceries, gas, utilities, and automobile insurance. (*Id.*, at 5.) She also lists a very large, outstanding medical debt, with a significant monthly payment. (*Id.*) She has never filed for bankruptcy. (*Id.*, at 6.)

Considering the information contained in her financial affidavit, the Court finds that Plaintiff has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.     Motion to Appoint Counsel.**

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 4.) As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x

707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As discussed in Section A., *supra*, Plaintiff's financial situation would make it impossible for her to afford counsel. The second factor is Plaintiff's diligence in searching for counsel. Based on the information contained in the form motion, Plaintiff has been diligent, but unsuccessful, in her attempt to secure legal representation. (Doc. 4.)

The Court next addresses the final *Castner* factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

Plaintiff does, however, indicate that her disability "includes a communication disorder," meaning she is "simply unable to communicate effectively what has happened." (Doc. 4, at 3-4.) That stated, Plaintiff's Complaint contains an abundance of factual information and citations to various state and federal statutes and regulations. The Court acknowledges that Plaintiff is not trained as an attorney and that an attorney might present this case more effectively. This fact alone does not warrant appointment of counsel, particularly given the concerns the Court has regarding the viability of Plaintiff's claims in federal court, as discussed in Section C., *infra*. *See* **McCarthy**, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421. As such, Plaintiff's Motion to Appoint Counsel (Doc. 4, sealed) is **DENIED**.

**C.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." **Mitchell v. Deseret Health Care Facility**, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The

Court will also liberally construe the pleadings of a pro se plaintiff. *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." **Fisher**, 531 F. Supp.2d at 1260 (citing **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. at 1974). Factual

7

allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff alleges that her "civil rights have been violated, by use of extrinsic & intrinsic fraud on the court" regarding the removal of her grandchildren from her home. (Doc. 3, sealed, at 1.) Plaintiff alleges that the removal was unlawful and resulted from actions taken by Defendants "with malice… ." (*Id*.) The removal appears to have occurred on October 27, 2017 (Doc. 1-1, at 3), but may have occurred on October 27, 2015 (Doc. 1-2, at 2). Plaintiff requests an "extension" of

the statute of limitations because Defendants "have all fraudulently concealed their deception preventing me from becoming aware of the some [sic] of the claims they have made & the SOL tolled since I didn't know & no reason I could have known about the fraud." (Doc. 1-1, at 1.) Even assuming the statute of limitations has not expired and/or has been tolled, the Court cannot discern a viable federal claim against Defendants based on the facts alleged in Plaintiff's Complaint and attachments thereto.

Plaintiff alleges that the actions of Defendants Brian Stewart (of the Wellington, Kansas, Police department), St. Francis Community Services, DCF of Sumner County, Loressa Lewis, Shawn Dejarnett, Jordan Withrow, Evan Watson, and Matthew Mullens were in violation of Kansas state statutes. (Doc. 1-1, at 2, 4, 7-14.) Even assuming these individuals violated Kansas law, this does not state a federal cause of action.

Plaintiff alleges that Defendants Tracy French and Lynn Morton, who are her neighbors, made "[f]raudulent claims of abuse . . . against [Plaintiff] while [she] was in the hospital…" (Doc. 1-1, at 4.) Plaintiff contends this was motivated by Ms. Morton's jealousy of Plaintiff. (*Id.*) Even assuming this to be true, this does not state a federal court cause of action. Further, there is no diversity of citizenship that would grant federal court jurisdiction because these individuals are, like Plaintiff, residents of Kansas.

Plaintiff also alleges that she was called a "retard" and "just not that bright" by Defendants Watson and Dejarnett at the Sumner County law library, which she contends is a violation of the Americans with Disabilities Act. (Doc. 1-1, at 5.) These comments, while offensive, clearly do not create a cause of action under the ADA or other federal law.

Plaintiff continues that Defendant Dejarnett violated her rights "under the 14th amendment for malicious prosecution and right to due process" because he "failed to perform his duties as a GAL [guardian ad litem] as outlined in Rule 110A Standards for Guardian Ad Litem Under the code KSA 38-2201 and violated Kansas Rules For Professional Conduct 3. 7(a)." (Doc. 1-1, at 6.) Again, the violations of Kansas statutes or regulations do not state a federal cause of action. Further, a guardian ad litem appointed for Plaintiff's grandchildren could not "maliciously prosecute" Plaintiff or violate her right to due process.

That stated, Plaintiff contends that certain Defendants are being sued under the Federal Tort Claims Act and the other parties are before the Court as a result of pendant jurisdiction. (Doc. 1-1, at 7.) The Court is unable to discern from the language of Plaintiff's Complaint if Defendants Morton and French are the parties Plaintiff intends to sue under the FTCA or the parties for whom pendant jurisdiction applies. (Doc. 1-1, at 7.) Regardless, Plaintiff indicates she is bringing a claim for intentional infliction of emotional distress under the Federal Tort

Claims Act. (*Id.*, at 9.) All of the events alleged in Plaintiff's Complaint are stated to have been performed by residents of Kansas acting as private citizens (Defendants French and Morton) or in their capacities with (or as) state or local agencies or governmental entities in the state of Kansas (the remaining Defendants). There is no claim against the United States or its agents. There is no basis for bringing this cause of action in federal court or under the FTCA. The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

IT IS RECOMMENDED to the District Court that Plaintiff's Complaint be DISMISSED for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the

U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 4th day of December, 2018.

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge